89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Susan BEAL, Plaintiff-Appellant,
v.
CITY OF NEW YORK, Alberto Ravelo, New York City Police
Officer's Lieutenant, Kenneth Beatty, Shield #
23377, John Does 1-4 and Jane Does 1 and
2, Defendants-Appellees.
 No. 95-7344.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 1
 Appeal from the United States District Court for the Southern District of New York (Wood, Judge ).
 
 
 2
 APPEARING FOR PLAINTIFFRichard D. Emery, LANKENAU KOVNER & APPELLANT: KURTZ, New York.
 
 
 3
 APPEARING FOR DEFENDANTSStephen J. McGrath, CORPORATION APPELLEES: COUNSEL OF THE CITY OF NEW YORK, New York.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 8
 Plaintiff-Appellant Susan Beal appeals from a judgment of the United States District Court for the Southern District of New York, Kimba M. Wood, Judge, granting defendants' motion for summary judgment dismissing her claim that defendant police officer Kenneth Beatty violated her Fourth and Fourteenth Amendment rights to remain free from unreasonable search and seizure by arresting her without an objectively reasonable belief in the existence of probable cause. For the reasons below, we conclude that her contentions are without merit.
 
 
 9
 Susan Beal was taken into custody during a disturbance in Tompkins Square Park on May 27, 1991. Participants in the disturbance blocked traffic, started small fires, threw objects at police officers and passers-by, and looted two nearby stores. Eighteen police officers were injured and thirteen citizens were arrested, including Beal.
 
 
 10
 Officer Beatty was among the police officers called to the scene. While there, he saw Beal in the mob that was rioting but did not observe her throwing any bottles. He did, however, arrest another person at the scene and took him to the Seventh Precinct for booking. At about the same time, other police officers arrived at the precinct with twelve or thirteen alleged rioters in their custody. Among them was Beal who arrived handcuffed in a police patrol wagon. While Officer Beatty was preparing an "On Line Booking System Arrest Work Sheet" for the rioter he had arrested, he was instructed by a senior officer to prepare similar reports for another arrestee and Beal. The supervisor, whose name Officer Beatty did not know, told him that Beal "was in the park with others and they were throwing bottles." As directed by the senior officer, Officer Beatty charged Beal with disorderly conduct under N.Y. Penal Law § 240.20 and with riot in the first degree under N.Y. Penal Law § 240.06. Beal was detained for 17 hours before being released. All charges subsequently were dismissed.
 
 
 11
 On January 29, 1992, Beal brought an action pursuant to 42 U.S.C. § 1983 for violation of her constitutional rights (also asserting various pendent state law claims) against Defendant-Appellees City of New York, Officer Beatty, Lieutenant Alberto Ravelo and six unnamed officers. Prior to the court's decision on defendants' motions for summary judgment, Beal withdrew her claims against the unnamed officers and her § 1983 claim against the City of New York. Judge Wood dismissed all remaining claims against all defendants in an unpublished Memorandum Opinion and Order entered on April 26, 1994. The court dismissed Beal's claim against Officer Beatty on the ground that he was entitled to qualified immunity. Beal subsequently moved the district court for an order pursuant to Fed.R.Civ.P. 59(e) to amend the April 26, 1994 judgment to deny Officer Beatty summary judgment on her § 1983 claim, and that motion was denied on March 23, 1995. Beal challenges only the dismissal of her § 1983 claim for false arrest against Officer Beatty. Officer Beatty contends that Beal's arrest took place when she was taken into custody at the riot scene, handcuffed and brought to the police station for booking. See Florida v. Royer, 460 U.S. 491, 503 (1983). The district court held that it was unnecessary to decide this question, since Officer Beatty was entitled to qualified immunity in either event. We agree. However, for purposes of this decision only, we will accept Beal's argument that Officer Beatty was the arresting officer.
 
 
 12
 This Court reviews a district court's grant of summary judgment de novo. Silano v. Sag Harbor Union Free Sch. Dist. Bd. of Educ., 42 F.3d 719, 722 (2d Cir.1994). On appeal "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The non-movant may defeat summary judgment only by producing specific facts showing that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 13
 Qualified immunity protects government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992). Whether a government official is entitled to qualified immunity depends on the " 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established' at the time" that the action was taken. Anderson v. Creighton, 483 U.S. 635, 639 (1987) (citing Harlow, 457 U.S. at 818-19). An arresting officer is entitled to qualified immunity as a matter of law if the record shows "either (a) that it was objectively reasonable for the officer to believe that probable cause existed; or (b) that officers of reasonable competence could disagree on whether the probable cause test was met." Robison v. Via, 821 F.2d 913, 921 (2d Cir.1987). To overcome an officer's immunity defense, a plaintiff "must show it to be 'obvious that no reasonably competent officer would have concluded that a[n arrest] should issue.' " Thomas v. Culberg, 741 F.Supp. 77, 81 (S.D.N.Y.1990) (quoting Robison, 821 F.2d at 921).
 
 
 14
 First, Beal contends that the issue of whether Officer Beatty reasonably believed he had probable cause to arrest her was an issue of fact, and that the immunity issue therefore was not amenable to final adjudication on a motion for summary judgment. See Celotex, 477 U.S. at 322 (all inferences on summary judgment motion must be drawn in non-movant's favor). However, the Supreme Court has held that when qualified immunity is raised as a defense, summary judgment is particularly appropriate, because qualified immunity "is an immunity from suit, rather than a mere defense against liability; therefore, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The relevant inquiry for the reviewing court is "an objective analysis of what a reasonable officer in defendant's position would believe." Cartier v. Lussier, 955 F.2d 841, 843 (2d Cir.1992).
 
 
 15
 Second, Beal challenges the conclusion that Officer Beatty had an objectively reasonable belief that he had probable cause to arrest her. She argues that Officer Beatty could not have formed a reasonable belief in probable cause based solely on the senior officer's statements, since Officer Beatty did not observe Beal throwing bottles during the riot, and did not know the name of the senior officer. But Officer Beatty's belief of probable cause was not based solely on the senior officer's statement. When Officer Beatty assumed responsibility for the arrest, Beal was already in custody and present at the police station. He personally had observed Beal at the scene of the riot. In this context, we think it was objectively reasonable for Officer Beatty to rely on the eyewitness report of a senior officer, since probable cause may be based on "information from some person who it seems reasonable to believe is telling the truth." Miloslavsky v. AES Engineering Society, Inc., 808 F.Supp. 351, 355 (S.D.N.Y.1992) (police officer immune from § 1983 claim), aff'd, 993 F.2d 1534 (2d Cir.), cert. denied, 114 S.Ct. 68 (1993); see also Gardiner v. Incorporated Village of Endicott, 50 F.3d 151 (2d Cir.1995) (police officers granted qualified immunity from § 1983 claim because it was objectively reasonable to rely on statement by school's assistant principal); Calamia v. City of New York, 879 F.2d 1025 (2d Cir.1989) (objectively reasonable to rely on information provided by district attorney).
 
 
 16
 Beal further argues, however, that Beatty's reliance on the superior officer was misplaced because Beatty did not know the officer's name, and therefore supposedly knew that Beal could not be convicted for throwing bottles. Beal thus erroneously assumes that an arresting officer is required to consider questions that bear upon the likelihood of securing an ultimate conviction. This is simply not the standard that this Court employs. We have held that probable cause to arrest exists where officers "have reasonably trustworthy information ... to believe that (1) an offense has been ... committed (2) by the person being arrested." United States v. Ceballos, 812 F.2d 42, 50 (2d Cir.1987) (quoting United States v. Fisher, 702 F.2d 372, 375 (2d Cir.1983)). Under this standard, Officer Beatty had probable cause, based on his own observations and the senior officer's statements, to believe Beal had engaged in first degree rioting and disorderly conduct.
 
 
 17
 The judgment of the district court is therefore affirmed.